# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.S. & R.S.**

**No. 15-0254** (Webster County 14-JA-23 & 14-JA-124)

**FILED**

October 20, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Adoptive Father V.S., by counsel Andrew Chattin, appeals the Circuit Court of Webster County's January 26, 2015, order terminating his custodial rights to sixteen-year-old S.S. and three-year-old R.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating his custodial rights and ordering that he could not live with his children.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the initiation of the underlying proceedings, the circuit court terminated the children's biological parents' parental rights on conditions related to controlled substances. Thereafter, petitioner and his wife, biological grandparents, legally adopted the children. In April of 2014, the West Virginia State Police ("WVSP") conducted a controlled drug buy, during which petitioner sold drugs to a confidential informant in his home while the children were present. The DHHR received a referral that petitioner was selling "pain pills" in the presence of the children. The DHHR investigated the referral with the assistance of the WVSP during which petitioner admitted to selling "pain pills" in his home. Subsequently, petitioner was arrested and charged with six counts of delivery of a controlled substance.

In May of 2014, the DHHR filed a petition for abuse and neglect alleging that petitioner's illegal activity created a risk to the health, safety, and welfare of the children. The circuit court held its adjudicatory hearing in June of 2014. Petitioner stipulated that: his illegal activity

---

[1] We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

presented a risk to the health, safety, and welfare of the children; he sold "pain pills" in the home while the children were present; and he was arrested and charged with six counts of delivery of a controlled substance. In September of 2014, the circuit court granted petitioner a six-month improvement period. The terms and conditions of the improvement period required petitioner to abstain from drugs and alcohol, submit to random drug and alcohol screens, and comply with all other services. The circuit court also granted petitioner supervised visitation.

On January 15, 2015, petitioner pled guilty to two counts of delivery of a controlled substance. The circuit court sentenced petitioner to a term of incarceration of two to thirty years, and denied petitioner's motion for probation and/or home incarceration. Several days later, the circuit court held its dispositional hearing in this matter. The circuit court took judicial notice of all prior proceedings and heard testimony from two individuals.[2] After considering the testimony, the circuit court terminated petitioner's custodial rights. In doing so, the circuit court charged petitioner with the knowledge that the "children have been through a lot in their lives because of controlled substances" because the children's birth parents' parental rights were terminated for issues related to controlled substances. The circuit court also found that "if the circuit court were only to consider [petitioner's] conduct the [circuit] [c]ourt would terminate his parental rights and deny visitation." However, the circuit court found that the children had a significant bond with petitioner and that based upon petitioner's conduct and incarceration, that it was in their best interest to terminate only his custodial rights. The circuit court granted petitioner visitation with S.S. while he is incarcerated, but denied visitation with R.S. Furthermore, despite not terminating petitioner's parental rights, the circuit court ordered that petitioner could not reside with the children and that he must petition the court for visitation upon his release from incarceration. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re: Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

---

[2]The dispositional hearing transcript was not made part of the record.

On appeal, petitioner argues that the circuit court erred in terminating his custodial rights because of his incarceration when he substantially complied with the terms and conditions of his improvement period. As we recently held, "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re: B.H. and S.S.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). In this case, the circuit court properly considered the best interests of the children and appropriately considered the evidence of petitioner's strong bond with his children. Further, this Court has explained that

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *In re: Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). However, despite petitioner's argument to the contrary, the record clearly demonstrates that the circuit court relied upon several factors in addition to his incarceration. The circuit court considered petitioner's conduct of selling controlled substances in the presence of the children and the length of his incarceration. The circuit court also considered that the children's birth parents' parental rights were terminated for similar conduct. As noted above, the circuit court also considered the children's strong emotional bond with petitioner. Given the limited circumstances of this case, we find no error in the circuit court's order terminating petitioner's custodial rights.

Finally, petitioner also argues that the circuit court erred in prohibiting him from residing with his children upon his release from incarceration. Petitioner fails to cite any authority to support this assignment of error or indicate in the record where he objected to the same before the circuit court. We have often stated that "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W.Va. Dep't of Motor Vehicles,* 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009) (quoting *Shaffer v. Acme Limestone Co., Inc.,* 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)). Further, "[g]enerally the failure to object constitutes a waiver of the right to raise the matter on appeal." *State v. Asbury,* 187 W.Va. 87, 91, 415 S.E.2d 891, 895 (1992). *See also* Rule 10(c)(7) of the Rules of Appellate Procedure (stating that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."). If properly presented below, the circuit court could have addressed this alleged error. "This Court will not consider an error which is not preserved in the record nor apparent on the face of the record." Syl. Pt. 6, *State v. Byers*, 159 W. Va. 596, 224 S.E.2d 726 (1976). In addition,

> [t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect.

The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace . . . [i]t must be emphasized that the contours for appeal are shaped at the circuit court level by setting forth with particularity and at the appropriate time the legal ground upon which the parties intend to rely.

*State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996). Therefore, based upon these considerations, we do not address petitioner's assignment of error in this regard.

For the foregoing reasons, we find no error in the circuit court's January 26, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING AND WRITING SEPARTELY:**

Justice Menis E. Ketchum

The circuit court clearly ignored the controlling statutory law and terminated only petitioner's custodial rights. This creates a conflict in that petitioner still has parental rights but cannot have custody of his children and has restricted visitation. Therefore, I dissent.